Plaintiff in this matter initially sustained an injury by accident to her back while working for defendant-employer PDIC, Inc., on 14 January 1995. Subsequently, plaintiff was hired by defendant-employer Bowman Gray School of Medicine, where she worked as a nurse. On 23 December 1997, while working for Bowman Gray, plaintiff felt a pop in her back while pulling a patient on a stretcher. Plaintiff was diagnosed with a disc herniation for which she underwent surgery on 11 February 1998.
The majority, relying upon Horne v. Universal Leaf TobaccoProcessors, 119 N.C. App. 682 (1995) found that plaintiff's 14 January 1995 was a significant causal factor with respect to her disc herniation and injuries resulting from the 23 December 1997 incident. Because I believe the majority misapplied the facts of this case in relation to the holding in Horne, I respectfully dissent from Full Commission's Opinion and Award.
The Horne case established that an aggravation of an injury is compensable if the initial injury arose out of and in the course of the employment, and any subsequent aggravation is a "natural consequence" of the first injury. Id. The facts of this case make it clear that plaintiff's disc herniation in 1997 was not a natural consequence of her 14 January 1995 injury by accident and was instead a new and distinct injury.
Subsequent to her injury while working for PDCI, the medical records of Dr. Martin consistently report that plaintiff's condition was improving. In fact, plaintiff's condition improved to the degree that she was able to secure employment with Bowman Gray as a nurse, a position regularly requiring strenuous use of the back. After her 1997 injury, an MRI performed by Dr. Martin in January 1998 showed a different injury than was present at the time of plaintiff's June 1996 MRI. This evidence supports but one finding, that being that the 23 December 1997 incident was a new and distinct injury by accident for which defendant-employer Bowman Gray School of Medicine should be responsible. With this proper analysis and reading of the court's decision inHorne, no inquiry is needed into whether the disc herniation was the result of an aggravation due to plaintiff's own intentional conduct. Id.
For the foregoing reasons, I would vote to reverse the prior decision by the Deputy Commissioner and respectfully dissent from the majority's Opinion and Award.
S/_____________ CHRISTOPHER SCOTT COMMISSIONER